UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DANIEL MCGUIRE and JAMES LEE JOSEPH RYAN,

        Plaintiffs,                    Case No. 05-40185

vs.                                      HONORABLE PAUL V. GADOLA
                                            HONORABLE STEVEN D. PEPE

DOUGLAS WARNER, ET AL.,

        Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL DISCOVERY (Dkt. # 36)**

Plaintiff's Motion to Compel Discovery was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A).

Defendants Warner, Gale and Quisenberry responded to Plaintiff's motion arguing that all discovery should be stayed pending the resolution of their Fed. R. Civ. P. 56. motion for summary disposition.

During the May 30, 2006, telephonic hearing on this matter it was determined that Defendant Royal Oak Police Chief Ted Quisenberry's pending motion for summary disposition pursuant to Fed. R. Civ. P. 56 would instead be heard as a Fed. R. Civ. P. 12(b)(6) motion on the pleadings. Because no facts outside of the pleadings will be considered on this motion to dismiss, no discovery is needed by Plaintiffs to defend against this motion. Defendants Warner's and Gale's pending Rule 56 motion requires the resolution of some disputed facts. Plaintiffs are therefore entitled to conduct

the limited discovery necessary to defend against this motion as follows:

     1.)     Defendants' counsel shall immediately inquire whether there exist documents regarding any policy or procedure regarding the requirements for off-duty Royal Oak police officers that find themselves in the vicinity of the commission of a crime. Any such documentation will be submitted to Plaintiffs within 14 days of this Order.

     2.)     Defendants Warner and Gale shall submit to their depositions within 30 days of this Order. No less than one week before the first deposition, Defendants shall produce any and all documentation in their possession pertaining to the conduct of Defendants Warner and/or Gale regarding the incident at issue in this litigation. Defendants may redact non-factual portions of these documents to the extent they are evaluative and fall within the protections of the deliberative process privilege. Unredacted versions with the redactions highlighted should be produced in-camera to the undersigned. No less than two weeks before the first deposition, Defendants may also submit to the undersigned for an in-camera review any document or portions thereof about which they are unsure whether it should be produced and/or what portions can be redacted.

SO ORDERED.

| | |
|---|---|
| Dated: May 31, 2006 | s/Steven D. Pepe |
| Ann Arbor, Michigan | United States Magistrate Judge |

Certificate of Service

     I hereby certify that a copy of this Order was served upon the attorneys of record by electronic means on May 31, 2006.

                                                      s/William J. Barkholz
                                                      Courtroom Deputy Clerk