UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DANIEL MCGUIRE and JAMES
LEE JOSEPH RYAN,
        Plaintiffs,                            Case No. 05-40185
vs.                                          HONORABLE SEAN F. COX
                                                HONORABLE STEVEN D. PEPE

ROYAL OAK POLICE SGT.
DOUGLAS WARNER, et al.,
        Defendants.
_____/

OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND (Dkt. # 62)

On August 9, 2006, Plaintiffs filed their motion to amend the complaint, which was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A) on August 21, 2006.

For the reasons stated below, Plaintiffs' motion is GRANTED.

This case involves the Plaintiffs allegations that their civil rights were violated when they were falsely arrested for assault at the behest of two off-duty police officers, Defendants Sgts. Douglas Warner and Barry Gale, who insisted they had seen them commit the crime. The identities of the actual perpetrators were later discovered and the charges against the Plaintiffs were dismissed.

From the beginning of this matter Plaintiffs have alleged that in the course of the investigation against them Warner and Gale undertook to assist the prosecution by submitting false statement and testimony to support the arrest. With this motion Plaintiffs seek leave to amend their complaint to indicate that Defendant Royal Oak Police Chief Ted Quisenberry was informed that his officers, Warner and Gale, did not actually know the identity of the assailants but intended to and did provide false testimony that identified Plaintiffs as having committed the assault. Defendants

1

argue against the amendment on the basis of futility.

The Supreme Court has stated that §1983 liability cannot be premised on a theory of respondeat superior. *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir.1995) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Yet, supervisor liability under §1983 is appropriate when "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," or "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984).

Defendants correctly point out that "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees". *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Further, "simple awareness of employees' misconduct does not lead to supervisor liability". *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir.1996).

Yet, the cases cited by the Defendants all deal with the common situation in which a supervisor learns of alleged misconduct *after* it occurs. In the proposed amended language Plaintiffs are alleging that Defendant Chief Quisenberry learned *beforehand* of his subordinates' intent to provide false statements to support an ongoing criminal investigation and that he failed to prevent them from doing so. At the very least this could be construed as acquiescence.

It remains to be seen whether Plaintiffs will be able to produce facts sufficient to support these allegations, but Defendants' argument that Plaintiffs' requested amendment is futile fails because the proposed amendment would survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (proposed amendments are futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss).

Therefore, Plaintiffs may file their proposed amended complaint and Defendants shall provide an answer within 20 days of service of the First Amended Complaint.

SO ORDERED.

Dated: September 26, 2006                        Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys of record by electronic means or U. S. Mail on  September 26, 2006.

s/Deadrea Eldridge
Courtroom Deputy Clerk