UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DANIEL MCGUIRE and
JAMES LEE JOSEPH RYAN,

     Plaintiffs,

v.                                                                                Case No. 05-40185
                                                                        Hon. Sean F. Cox

CITY OF ROYAL OAK;
OFFICER DOUGLAS WARNER; OFFICER
BARRY GALE; and POLICE CHIEF TED QUISENBERRY

     Defendants.
_____

## ORDER

This matter is before the Court on Plaintiff's Motion for reconsideration. Both parties fully briefed the issues. For the following reasons, the Court **DENIES** Plaintiff's Motion for reconsideration.

### I. BACKGROUND

This action arises out of the arrest of Plaintiffs Timothy McGuire ("McGuire") and James Ryan ("Ryan"). The underlying facts are sufficiently set forth in the Court's Opinion and Order Granting in part, and Denying in part, Defendants' Motion for summary judgment, entered December 15, 2006. [Doc. 74].

On January 2, 2007, Plaintiffs filed a Motion for reconsideration of the Court's Order regarding Defendants' Motion for summary judgment. Defendant filed a Response, pursuant to this Court's Order, on January 16, 2007.

## II.  STANDARD OF REVIEW

(g) Motions for Rehearing or Reconsideration.

\* \* \*

(3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

## III.  ANALYSIS

Plaintiffs argue the Court erred: (1) by ruling that no Fourth Amendment violation occurred because Warner and Gale did not unreasonably seize Plaintiffs; and (2) by finding that Plaintiffs do not establish a claim of false arrest / false imprisonment.

### A.  Fourth Amendment

Plaintiffs are not entitled to reconsideration on the Court's grant of summary judgment in favor of Defendants on their Fourth Amendment claim for several reasons.  First, Plaintiffs merely present the same issues ruled on by the Court in its Order granting summary judgment.

Second, Plaintiffs spend a considerable amount of time arguing that Defendants' acts constituted a seizure for purposes of the Fourth Amendment.  However, the Court stated in its Order that it was assuming Plaintiffs were seized. [Doc. 74, p.9].  Nonetheless, the Court found the seizure was reasonable.  Further, the acts relied on by Plaintiffs to demonstrate an unreasonable seizure, *i.e.*, that Ryan was removed from the bus; that Warner and Gale gave statements against Plaintiffs; and that Warner threatened McGuire, all occurred while Plaintiffs

were seized by the Oakland County Sheriff, not Defendants. As the Court noted in its Order, once the Oakland County authorities arrived, Plaintiffs were detained under their authority. [Doc. 74, p.10]. Moreover, Plaintiffs concede that the detention of the bus by Warner and Gale was reasonable. [Motion, p.11].

Plaintiffs fail to demonstrate a palpable defect requiring a different disposition of their claim for violation of the Fourth Amendment.

### B.  False Arrest / False Imprisonment

Plaintiffs next allege that the Court erred in granting summary judgment in favor of Defendants on their claim for false arrest / false imprisonment. Plaintiffs claim that Warner and Gale's acts constituted an arrest. This issue was never raised in the Motion or at the hearing. Further, as noted above, Plaintiffs concede detaining the bus was reasonable. There is no evidence that Warner or Gale spoke to Plaintiffs prior to the arrival of the Oakland County authorities. [Response, Exhibit 1, pp.91-95]. Plaintiffs do not establish a claim that Warner and Gale's detention of the bus, prior to the arrival of the Oakland County authorities, constituted an arrest.

In addition, Plaintiffs argue that they did establish a claim for false arrest because the Oakland County authorities did not use their independent judgment in deciding to arrest Plaintiffs. Plaintiffs do not direct the Court to any evidence to support their assertions. Plaintiffs allegations that Defendants provided knowingly false information is properly the basis of their claim for malicious prosecution, not false arrest. [Doc. 74, p.15].

Plaintiffs fail to demonstrate a palpable defect requiring a different disposition of their claim for false arrest / false imprisonment.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for reconsideration.

**IT IS SO ORDERED.**

>                                S/Sean F. Cox
>                                Sean F. Cox
>                                **United States District Judge**

**Dated:  January 23, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2007, by electronic and/or ordinary mail.**

>                    S/Jennifer Hernandez
>                    **Case Manager**