UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Daniel McGuire *et al.*,

    Plaintiffs,                               Case No. 05-40185

v.                                                   Honorable Sean F. Cox

Royal Oak Police Sgt. Douglas Warner *et al.,*

    Defendants.

_____/

## ORDER DENYING
## PLAINTIFFS' MOTION TO PRECLUDE TESTIMONY OF DEFENDANTS
## AND MOTION TO DISQUALIFY DEFENSE COUNSEL

This matter is currently before the Court on the following two motions filed by Plaintiffs: 1) "Plaintiffs' Motion in Limine to Exclude Testimony from Defendants Warner and Gale" (D.E. No. 106); and 2) Plaintiffs' Motion to Disqualify Counsel (D.E. No. 118). The Court finds that the issues have been adequately presented in the briefs that have been submitted and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, both motions shall be DENIED.

In Plaintiffs' motion seeking to preclude testimony from Defendants, they ask the Court to preclude Defendants Warner and Gale from testifying at trial. Plaintiffs contend that if Defense Counsel were to allow Defendants Warner and Gale to testify that Plaintiffs were the individuals involved in the underlying altercation, he would violate Rule 3.3 of the Michigan Rules of Professional Conduct because he would be offering evidence that he knows is false.

Plaintiffs base this motion on the January 30, 2006 deposition testimony of Chaplain Timothy Renaud.

In Plaintiffs' motion seeking to disqualify counsel, Plaintiffs make the same argument and ask the Court to disqualify Defense Counsel T. Joseph Seward.[1]

The Court finds both motions to be wholly without merit. As Defendants note in their Response to the first motion, Plaintiffs' motion is based on the unfounded presumption that Chaplain Renaud's testimony is somehow dispositive. It is not. This Court could not grant either of these motions without improperly making a credibility determination that Chaplain Renaud's testimony is to be believed over Defendant Warner's testimony.

Accordingly, **IT IS ORDERED** that "Plaintiffs' Motion in Limine to Exclude Testimony from Defendants Warner and Gale" (D.E. No. 106) and Plaintiffs' Motion to Disqualify Counsel (D.E. No. 118) are **DENIED.**

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 16, 2009

---

[1] Plaintiffs also assert, for the first time in this case that has been pending since 2005, that Plaintiffs may call Mr. Seward as a witness at trial. Plaintiffs, however, did not identify Mr. Seward as a witness in the Joint Final Pretrial Order. Moreover, although the events that form the basis for these two motions have been known to Plaintiffs' Counsel since at least 2007, Plaintiffs waited until the eve of trial to ask the Court to disqualify lead Defense Counsel.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Daniel McGuire *et al.*,

    Plaintiffs,                                      Case No. 05-40185

v.                                                          Honorable Sean F. Cox

Royal Oak Police Sgt. Douglas Warner *et al.*,

    Defendants.

_____/

## **PROOF OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2009, by electronic and/or ordinary mail.

                                                  S/Jennifer Hernandez
                                                  Case Manager