UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

    Plaintiffs,

v.                                                                                          Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,                      Honorable Sean F. Cox
*et al.,*

    Defendants.
_____/

### ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFFS' STATE LAW CLAIMS

    This matter is currently before the Court on Defendants' Motion In Limine Regarding Plaintiffs' State Law Claims. The Court finds that the issues in this motion have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion shall be decided based on the briefs. For the reasons below, the Court shall GRANT THE MOTION IN PART AND DENY THE MOTION IN PART.

### BACKGROUND

A.    Factual Background:

    The basic facts regarding the incident that led to this action have been summarized as follows:

        On August 9, 2003, Timothy McGuire and James Ryan traveled by bus

>from their native Canada to Clarkston, Michigan, in order to attend a country music concert at the DTE Energy Music Theater. Following the concert, McGuire and Ryan boarded the bus to travel home. While they were on the bus waiting to depart, another attendee, Daniel Threlfall, was assaulted by two members of plaintiffs' group. While this occurred, McGuire left the bus, allegedly to break up the fight, and Ryan slept. McGuire denies seeing exactly who assaulted Threlfall.
>
>Off-duty Royal Oak police officers Warner and Gale had also attended the concert; they were leaving with their families when Threlfall was assaulted. They claim to have seen the assault occur and the perpetrators board the bus. Believing Threlfall's assailants to be on the bus, Warner and Gale approached it, identified themselves as police officers, and instructed the driver not to leave. They then waited with the bus for the Oakland County Sheriff to arrive.
>
>When the Oakland County deputies arrived, Warner and Gale again identified themselves as police officers and proceeded to assist in the investigation. McGuire was ordered off the bus while the deputies conducted a search. During this time, Officers Warner and Gale allegedly told McGuire that if he did not identify the men who assaulted Threlfall, they would pin the crime on him and "throw the book at him." Gale then entered the bus along with Oakland County authorities, escorted Ryan off, and identified him as one of Threlfall's assailants. Warner and Gale then stated to Oakland County authorities that they saw McGuire and Ryan commit the assault. Warner later reiterated this testimony in a written statement to Oakland County authorities and at McGuire and Ryan's preliminary hearing. Based upon the testimony of Warner and Gale, McGuire and Ryan were arrested and charged with Assault with Intent to Commit Great Bodily Harm Less than Murder. These charges were dropped on September 20, 2004, based upon newly discovered evidence indicating that McGuire and Ryan had not committed the assault.

*McGuire v. City of Royal Oak*, 295 Fed.Appx. 736 (6th Cir. 2008).

Plaintiffs filed this action on June 8, 2005.

B.   Prior Rulings In This Action:

In this action, Defendants Warner and Gale filed a Motion for Summary Judgment as to Plaintiffs' claims for malicious prosecution, intentional infliction of emotional distress, and gross negligence. They moved for summary judgment based upon qualified immunity and Michigan's governmental immunity statute. This Court denied that motion.

The Sixth Circuit affirmed this Court's rulings in an unpublished opinion. *McGuire v. City of Royal Oak*, 295 Fed.Appx. 736 (6th Cir. 2008).

As to malicious prosecution claim, the Sixth Circuit noted that Defendants claimed they were entitled to immunity on two grounds: 1) because they did not act "under color of state law," and 2) their actions were supported by probable cause. The court ruled that Defendants were not entitled to immunity based on their argument that they were not acting under color of state law because, when the facts are construed most favorably to Plaintiffs, they were acting under color of state law. *Id*. at *2. The Sixth Circuit also concluded that the evidence, taken in a light most favorable to the Plaintiffs, there is a genuine issue of material fact as to whether Warner and Gale had probable cause.

The Sixth Circuit also ruled that this Court properly denied Defendants' request for summary judgment on the state law tort claims based on governmental immunity. In doing so, the court stated:

> As an initial matter, we note that *Michigan law does not extend governmental immunity to intentional torts. See Sudul v. City of Hamtramck*, 221 Mich.Ct.App. 455, 458, 562 N.W.2d 478, 479 (Mich.1007) ("We especially also hold that an individual employee's intentional torts are not shielded by our governmental immunity statute"). This alone would be sufficient to sustain McGuire and Warner's claim for malicious prosecution and intentional infliction of emotional distress. However, *even if governmental immunity did apply, there is a genuine issue of material fact as to whether Warner and Gale acted with gross negligence and we thus affirm the ruling of the district court.*
>
> There is ample evidence that Warner and Gale acted with gross negligence in singling out McGuire and Ryan and furthering their prosecution. Both McGuire and Chaplain Renaud offered evidence that Warner and Gale did not know the identity of the assailants and yet repeatedly testified against McGuire and Ryan in spite of this. *Viewed in the light most favorable to McGuire and Ryan*, this clearly evidences "a substantial lack of concern for whether an injury [would] result[ ]." The district court was thus correct to deny Warner and Gale the protection of governmental immunity.

3

*Id*. at *3 (emphasis added).

C.      Remaining Claims In This Action:

Defendants Warner and Gale are the only remaining Defendants in this action. The following four claims remain in this action and will proceed to trial:

1)      "Intentional Infliction of Emotional Distress," asserted under Michigan law (Count VII);

2)      "Gross Negligence" asserted under Michigan law (Count IX);

3)      "Malicious Prosecution," asserted under Michigan law (Count XI); and

4)      "Federal Claim of Malicious Prosecution in violation of 4th Amendment" (Count XII)

(*See* Pls.' 2/10/09 Amended Complaint; Joint Final Pretrial Order).

## ANALYSIS

In this motion, Defendants note that at the time the Sixth Circuit decided the appeal in this matter, "it applied the (now overruled) concept that 'Michigan law does not extend governmental immunity to intentional torts.'" (Defs.' Br. at 3). "However, on December 30, 2008, after the Sixth Circuit's ruling, the Michigan Supreme Court decided *Odom v. Wayne County*, which expressly held that there is governmental immunity for intentional torts under Michigan law." (*Id*. at 3-4). Defendants contend that in light of intervening Michigan precedent clarifying the standard for governmental immunity, they "are entitled to governmental immunity regarding Plaintiffs' state law claims of intentional infliction of emotional distress, malicious prosecution, and gross negligence." (*Id*.).

In response to Defendants' motion, Plaintiffs first assert that the law of the case doctrine precludes this Court from revisiting issues already determined by the Sixth Circuit, such as the

4

availability of a governmental immunity defense.  Plaintiffs assert that Defendants have failed to demonstrate how any of the three exceptions to law of the case doctrine apply here.  (Pls. Br. at 5).  Plaintiffs further assert that issues of fact would preclude a ruling in favor of Defendants as to governmental immunity.  (Pls.' Br. at 10)("Even if *Odom* were to apply, Defendants' arguments fail, as material issues of fact remain.").  In addition, in their Trial Brief, Plaintiffs assert that if the Court determines that *Odom* applies in this case, "justice demands that the Plaintiffs be allowed to amend their complaint to plead in avoidance" of governmental immunity (Pls. Trial Br. at 16).

As a preliminary matter, the Court rejects Plaintiffs' assertion that the law of the case doctrine preludes this Court from considering *Odom*.  "Under the law-of-the-case doctrine, a prior ruling may be reconsidered" where "a subsequent contrary view of the law is decided by the controlling authority" (i.e., an intervening change in the law).  *Caldwell v. City of Louisville*, 200 Fed. Appx. 430, 433 (6th Cir. 2006).  Here, after the Sixth Circuit decided the appeal in this matter, the Michigan Supreme Court released *Odom* "in an effort to clarify the law" relating to governmental immunity.  *Szwabowski v. Burdick*, 2009 WL 1440945 (Mich.App. 2009).  This Court therefore concludes that the law of the case doctrine does not preclude this Court from considering *Odom*.

The Michigan Supreme Court released *Odom* to clarify the law relating to governmental immunity and held that governmental immunity does apply to intentional torts.  As a threshold matter, Plaintiffs must plead in avoidance of governmental immunity.  The employee asserting the defense has the burden to raise and prove his entitlement to immunity as an affirmative defense.  *Id*. at 479-80.  In sum, the *Odom* Court held that where a plaintiff pleads an intentional

tort, in order for a governmental employee to be entitled to individual governmental immunity, that individual must establish:

> (a) The acts taken were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
> (c) the acts were discretionary, as opposed to ministerial.

*Odom*, 482 Mich. at 480.

This Court concludes that, in light of *Odom*, Defendants may pursue the affirmative defense of governmental immunity at trial.

As the Court reads Defendants' motion, however, they are not simply asserting that they can pursue a governmental immunity defense at trial. Rather, they appear to be asking this Court to rule, prior to trial, that Defendants are entitled to governmental immunity. In other words, Defendants are essentially asking this Court to grant summary judgment in favor of Defendants based on governmental immunity. This Court cannot do so. In affirming this Court's denial of Defendants' summary judgment motion as to governmental immunity, the Sixth Circuit first stated that "Michigan law does not extend governmental immunity to intentional torts." Notably, it then stated:

> However, *even if governmental immunity did apply, there is a genuine issue of material fact as to whether Warner and Gale acted with gross negligence and we thus affirm the ruling of the district court.*
>
> There is ample evidence that Warner and Gale acted with gross negligence in singling out McGuire and Ryan and furthering their prosecution. Both McGuire and Chaplain Renaud offered evidence that Warner and Gale did not know the identity of the assailants and yet repeatedly testified against McGuire and Ryan in spite of this. *Viewed in the light most favorable to McGuire and Ryan*, this clearly evidences "a substantial lack of concern for whether an injury [would]

> result[ ]."  The district court was thus correct to deny Warner and Gale the
> protection of governmental immunity.

*McGuire v. City of Royal Oak*, 295 Fed.Appx. 736 at *3 (6th Cir. 2008).  Similarly, this Court concludes that, when the evidence is viewed in the light most favorable to Plaintiffs, there is a genuine issue of fact as to whether Defendants' actions were taken in good faith.  Thus, the Court concludes that Defendants are not entitled to summary judgment on the issue of governmental immunity.

## CONCLUSION & ORDER

For the reasons stated above, IT IS ORDERED that Defendants' Motion In Limine Regarding Plaintiffs' State Law Claims is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED to the extent that the Court rules that, under *Odom*, Defendants may assert the affirmative defense of governmental immunity at trial.  Given the timing of this intervening change in the law, the Court shall grant Plaintiffs leave to amend their complaint to plead in avoidance of governmental immunity.

The Court shall DENY Defendants' request for summary judgment as to the issue of governmental immunity because issues of fact preclude such a ruling.

IT IS SO ORDERED.

                                             S/Sean F. Cox
                                             Sean F. Cox
                                             United States District Judge

Dated:  August 3, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

    Plaintiffs,

v.                                      Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,      Honorable Sean F. Cox
*et al.,*

    Defendants.
_____/

## PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2009, by electronic and/or ordinary mail.

                                   S/Jennifer Hernandez
                                   Case Manager