UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

    Plaintiffs,

v.                                          Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,        Honorable Sean F. Cox
*et al.,*

    Defendants.
_____/

**ORDER DENYING
PLAINTIFFS' REQUEST TO PRECLUDE EVIDENCE OF
DRUG AND ALCOHOL USE**

    This matter is currently before the Court on Plaintiffs' Motion in Limine seeking to exclude several types of evidence (D.E. No. 107). The motion addresses four issues, including whether the Court should preclude evidence of Plaintiffs' use of alcohol and drugs on the date of the incident at issue in this case. The Court finds that, with respect to the issue of drug and alcohol use, the issue has been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the issue of drug and alcohol use shall be decided based on the briefs. The Court shall hear oral argument before ruling on the remaining issues in this motion. For the reasons below, the Court shall DENY Plaintiffs' request to preclude evidence of their drug and alcohol use on the date of the incident.

BACKGROUND

The basic facts regarding the incident that led to this action have been summarized as follows:

> On August 9, 2003, Timothy McGuire and James Ryan traveled by bus from their native Canada to Clarkston, Michigan, in order to attend a country music concert at the DTE Energy Music Theater. Following the concert, McGuire and Ryan boarded the bus to travel home. While they were on the bus waiting to depart, another attendee, Daniel Threlfall, was assaulted by two members of plaintiffs' group. While this occurred, McGuire left the bus, allegedly to break up the fight, and Ryan slept. McGuire denies seeing exactly who assaulted Threlfall.
>
> Off-duty Royal Oak police officers Warner and Gale had also attended the concert; they were leaving with their families when Threlfall was assaulted. They claim to have seen the assault occur and the perpetrators board the bus. Believing Threlfall's assailants to be on the bus, Warner and Gale approached it, identified themselves as police officers, and instructed the driver not to leave. They then waited with the bus for the Oakland County Sheriff to arrive.
>
> When the Oakland County deputies arrived, Warner and Gale again identified themselves as police officers and proceeded to assist in the investigation. McGuire was ordered off the bus while the deputies conducted a search. During this time, Officers Warner and Gale allegedly told McGuire that if he did not identify the men who assaulted Threlfall, they would pin the crime on him and "throw the book at him." Gale then entered the bus along with Oakland County authorities, escorted Ryan off, and identified him as one of Threlfall's assailants. Warner and Gale then stated to Oakland County authorities that they saw McGuire and Ryan commit the assault. Warner later reiterated this testimony in a written statement to Oakland County authorities and at McGuire and Ryan's preliminary hearing. Based upon the testimony of Warner and Gale, McGuire and Ryan were arrested and charged with Assault with Intent to Commit Great Bodily Harm Less than Murder. These charges were dropped on September 20, 2004, based upon newly discovered evidence indicating that McGuire and Ryan had not committed the assault.

*McGuire v. City of Royal Oak*, 295 Fed.Appx. 736 (6th Cir. 2008).

ANALYSIS

Plaintiffs ask the Court to preclude Defendants from introducing evidence of Plaintiffs' alcohol consumption and drug use on the date of the underlying incident in this case. Plaintiffs contend that this conduct occurred before the incident and is not related to the claims or defenses in this case and is therefore irrelevant under F.R.E. 401 and 402. Plaintiffs further assert that even if relevant, it should be precluded under F.R.E. 403 because its probative value is substantially outweighed by the danger of unfair prejudice.

In response, Defendants note that Plaintiff James Ryan testified that he had been drinking beer all day before the incident and that Plaintiff Timothy McGuire testified that he had been drinking beer all day, was intoxicated, and had two "tokes" of a marijuana cigarette. Defendants assert that "Plaintiffs' alcohol consumption on the day of the incident is entirely relevant to Plaintiffs' memory, credibility, and perception of events regarding the incident at bar." Defendants cite to *Grimes v. Mazda North American Operations*, 355 F.3d 566, 573 (6th Cir. 2004) to support their position. In that case, the Sixth Circuit affirmed the trial court's ruling allowing evidence of drug and alcohol use prior to the underlying automobile accident. In doing so, the court noted that drug or alcohol use could have impaired the plaintiff's memory of the events that had occurred and went to the credibility of testimony describing the events.

Having considered the issue, the Court shall deny Plaintiffs' request to preclude evidence of their drug and alcohol use on the day of the incident. The Court concludes that such evidence is relevant to Plaintiffs' memory of the events that occurred on the date in question and the credibility of their testimony describing the events. Moreover, the Court does not believe that the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice.

Accordingly, **IT IS ORDERED** that the Court shall **DENY** Plaintiffs' request to preclude Defendants from introducing evidence of Plaintiffs' alcohol consumption and drug use on the date of the underlying incident in this case. The remaining issues set forth in Docket Entry No. 107 shall be heard by the Court on August 4, 2009.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager