UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

    Plaintiffs,

v.                                                                                       Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,                    Honorable Sean F. Cox
*et al.,*

    Defendants.
_____/

**ORDER GRANTING IN PART, AND DENYING IN PART,
DEFENDANTS' MOTION IN LIMINE
REGARDING ABSOLUTE IMMUNITY**

    This matter is currently before the Court on Defendants' Motion In Limine Regarding Absolute Immunity. The Court finds that the issues in this motion have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion shall be decided based on the briefs. For the reasons below, the Court shall GRANT THE MOTION IN PART AND DENY THE MOTION IN PART.

BACKGROUND

A.    Factual Background:

    The basic facts regarding the incident that led to this action have been summarized as follows:

> On August 9, 2003, Timothy McGuire and James Ryan traveled by bus from their native Canada to Clarkston, Michigan, in order to attend a country music concert at the DTE Energy Music Theater. Following the concert,

1

> McGuire and Ryan boarded the bus to travel home. While they were on the bus waiting to depart, another attendee, Daniel Threlfall, was assaulted by two members of plaintiffs' group. While this occurred, McGuire left the bus, allegedly to break up the fight, and Ryan slept. McGuire denies seeing exactly who assaulted Threlfall.
>
> Off-duty Royal Oak police officers Warner and Gale had also attended the concert; they were leaving with their families when Threlfall was assaulted. They claim to have seen the assault occur and the perpetrators board the bus. Believing Threlfall's assailants to be on the bus, Warner and Gale approached it, identified themselves as police officers, and instructed the driver not to leave. They then waited with the bus for the Oakland County Sheriff to arrive.
>
> When the Oakland County deputies arrived, Warner and Gale again identified themselves as police officers and proceeded to assist in the investigation. McGuire was ordered off the bus while the deputies conducted a search. During this time, Officers Warner and Gale allegedly told McGuire that if he did not identify the men who assaulted Threlfall, they would pin the crime on him and "throw the book at him." Gale then entered the bus along with Oakland County authorities, escorted Ryan off, and identified him as one of Threlfall's assailants. Warner and Gale then stated to Oakland County authorities that they saw McGuire and Ryan commit the assault. Warner later reiterated this testimony in a written statement to Oakland County authorities and at McGuire and Ryan's preliminary hearing. Based upon the testimony of Warner and Gale, McGuire and Ryan were arrested and charged with Assault with Intent to Commit Great Bodily Harm Less than Murder. These charges were dropped on September 20, 2004, based upon newly discovered evidence indicating that McGuire and Ryan had not committed the assault.

*McGuire v. City of Royal Oak*, 295 Fed.Appx. 736 (6th Cir. 2008).

Plaintiffs filed this action on June 8, 2005.

B.     Prior Rulings In This Action:

In this action, Defendants Warner and Gale filed a Motion for Summary Judgment as to Plaintiffs' claims for malicious prosecution, intentional infliction of emotional distress, and gross negligence. They moved for summary judgment based upon qualified immunity and Michigan's governmental immunity statute. This Court denied that motion.

The Sixth Circuit affirmed this Court's rulings in an unpublished opinion. *McGuire v.*

*City of Royal Oak*, 295 Fed.Appx. 736 (6th Cir. 2008).

As to malicious prosecution claim, the Sixth Circuit noted that Defendants claimed they were entitled to immunity on two grounds: 1) because they did not act "under color of state law," and 2) their actions were supported by probable cause.  The court ruled that Defendants were not entitled to immunity based on their argument that they were not acting under color of state law because, when the facts are construed most favorably to Plaintiffs, they were acting under color of state law.  *Id*. at *2.  The Sixth Circuit also concluded that the evidence, taken in a light most favorable to the Plaintiffs, there is a genuine issue of material fact as to whether Warner and Gale had probable cause.

C.      Remaining Claims In This Action:

Defendants Warner and Gale are the only remaining Defendants in this action.  The following four claims remain in this action and will proceed to trial:

    1)     "Intentional Infliction of Emotional Distress," asserted under Michigan law (Count VII);

    2)     "Gross Negligence" asserted under Michigan law (Count IX);

    3)     "Malicious Prosecution," asserted under Michigan law (Count XI); and

    4)     "Federal Claim of Malicious Prosecution in violation of 4th Amendment" (Count XII)

(*See* Pls.' 2/10/09 Amended Complaint; Joint Final Pretrial Order).

## ANALYSIS

Defendants' Motion in Limine Regarding Absolute Immunity (Docket Entry No. 125) contains two sections.

    1.     Should This Court Preclude Defendant Warner's Preliminary Examination Testimony Because He Is Entitled To Absolute Immunity With Respect To That Testimony?

In the first section of the motion, Defendants assert that Defendant Warner[1] is entitled to absolute immunity from civil liability for his preliminary examination testimony because such testimony in a judicial proceeding is privileged as a matter of public policy. Defendants contend that because Defendant Warner's "testimony during a judicial proceeding is protected by absolute immunity, Defendant Warner cannot be held liable under 42 U.S.C. § 1983 for his statements made during Plaintiffs' September 4, 2003, preliminary examination." (Defs.' Br. at 2). Defendants rely on *Briscoe v. Lahue*, 460 U.S. 325, 335-336 (1983) and numerous other cases issued following *Briscoe*.

In response, Plaintiffs appear to assert that the "complaining witness exception" to testimonial privilege applies here, but do not discuss or analyze that exception or why it should be applied here. Plaintiffs also take the position that, even if Defendant Warner is entitled to absolute immunity with respect to his preliminary examination testimony, Defendants are not entitled to immunity with respect to other actions such as identifying Plaintiffs as the attackers at the scene and in their witness statements.

Plaintiffs also make the argument that "testimonial immunity does not equate to inadmissibility," asserting:

> They jury is permitted to consider the perjury itself of Defendants Gale and Warner as evidence [sic] their bad faith and malice in instituting the criminal proceedings; if the jury is allowed to consider punitive damages, the preliminary examination is relevant to show willfullness and malice; key components to Plaintiffs' malicious prosecution claims. A limiting instruction is all that is necessary to protect Defendants against the risk that the jury might find liability for their lying from the witness stand as opposed to they lying in written statements which formed the basis of the prosecution.

---

[1] Defendant Gale did not testify at the preliminary examination.

4

(Pls.' Br. at 8). Plaintiffs provide no authority whatsoever for their position that Defendant Warner's preliminary examination testimony can be used to show willfullness or malice.

Plaintiffs assert claims under both federal law and Michigan law. This Court concludes that, under both federal and state law, Defendant Warner is entitled to absolute immunity from civil liability for his preliminary examination testimony.

The Sixth Circuit very recently confirmed that "[a]lthough government officials enjoy only qualified immunity as to their pretrial conduct, 'all witnesses – police officers as well as lay witness – are absolutely immune from civil liability" based on testimony they give in judicial proceedings. *Moldowan v. City of Warren*, __ F.3d __, 2009 WL 2176640 * 27 (6th Cir. 2009) (citing *Briscoe*, 460 U.S. at 328). Moreover, such witnesses are entitled to absolute immunity from civil liability "no matter how egregious or perjurious that testimony was alleged to have been." *Id*.

To the extent that Plaintiffs contend that the "complaining witness exception applies," the Court believes that *Moldowan* makes clear that exception would not apply to Defendant Warner's preliminary examination testimony because the complaining witness exception does not extend to testimony delivered at "adversarial judicial proceedings." "As with any witness, police officers enjoy absolute immunity for any testimony delivered at 'adversarial judicial proceedings.'" *Id*.

Thus, under federal law, Defendant Warner is entitled to absolute immunity for the testimony he offered at the preliminary examination. That protection, however, does not extend to Defendant Warner's pre-testimonial conduct, such as his actions at the scene or his statements made to officers, despite any connection that conduct might have to the later testimony. *Id.*

Defendant Warner is also entitled to absolute immunity for his preliminary examination testimony under Michigan law. *See e.g., Morningstar v. City of Detroit*, 2009 WL 1099235 at *6 (E.D. Mich. 2009)

Accordingly, the Court shall preclude all evidence of, and any testimony or argument related to, Defendant Warner's testimony at the preliminary examination.

2.  <u>Should The Court Rule That, Defendants Were Not Acting Under Color Of Law And, Therefore, They Cannot Be Held Liable For Identifying The Assailants Of A Crime</u>?

In the second section of the motion, Defendants assert that "as private persons, [they] cannot be held liable for the information they relayed to officials." In connection with this argument, Defendants ask the Court to rule, as a matter of law, that Defendants were not acting under color of state law. (*See* Defs.' Br. at 9-12)("Accordingly, since Defendants clearly were not acting under color of state law, Defendants Warner and Gale cannot be held liable for identifying the assailants of a crime.").

This Court has already found, however, and the Sixth Circuit has affirmed, that genuine issues of fact exist as to whether Defendants were acting under color of law. Indeed, in their "Motion in Limine Regarding Plaintiffs' State Law Claims," Defendants acknowledge that "the Sixth Circuit has found there exists an issue of fact regarding the color of state law issue." (D.E. No. 114 at 9).

Accordingly, the Court shall DENY Defendants' request for a ruling that they cannot be held liable for the information they relayed to officials because they were not acting under color of state law.

CONCLUSION & ORDER

6

For the reasons set forth above, IT IS ORDERED that Defendants' Motion In Limine Regarding Absolute Immunity is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that the Court rules that, under both federal and state law, Defendant Warner is entitled to absolute immunity from civil liability for his preliminary examination testimony. Accordingly, the Court shall preclude all evidence of, and any testimony or argument related to, Defendant Warner's testimony at the preliminary examination.

The motion is DENIED in all other respects.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

7