UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

    Plaintiffs,

v.                                                                                  Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,                        Honorable Sean F. Cox
*et al.*,

    Defendants.
_____/

## **ORDER**

In this Court's August 3, 2009 Order, this Court concluded that, "under both federal and state law, Defendant Warner is entitled to absolute immunity *from civil liability* for his preliminary examination testimony." (8/3/09 Order at 5). Accordingly, prior to the beginning of trial, this Court ruled that it "shall preclude all evidence of, and any testimony or argument related to, Defendant Warner's testimony at the preliminary examination." (*Id*. at 6). Notably, this Court did *not* rule as to whether Defendant Warner's preliminary examination testimony could be used for the limited purpose of impeachment, should his testimony at trial contradict his preliminary examination testimony. That issue was not raised, or analyzed, in the briefing submitted by the parties.

Then, during the course of this trial, Plaintiffs' Counsel requested to use Defendant Warner's preliminary examination testimony for the limited purpose of impeaching his trial testimony. Plaintiffs submitted an opening brief on this issue on August 11, 2009. In that brief, Plaintiffs state that they do not wish to use Defendant Warner's preliminary examination for the

1

purpose of imposing liability for that conduct. Rather, they seek to use the testimony for purposes of impeachment only.

Defendants filed a response brief on August 14, 2009. Defendants take the position that Defendant Warner's preliminary examination testimony cannot be used for any purpose, including impeachment. Defendants acknowledge that they have found no authority on this narrow issue.

Plaintiffs filed a reply brief on August 15, 2009. In that brief, Plaintiffs state that they wish to use Defendant Warner's preliminary examination testimony for the limited purpose of impeachment as to the following two areas of testimony: 1) the number and description of assailants involved in the assault; and 2) the circumstances surrounding the opportunity for Defendant Warner to have threatened Plaintiff McGuire at the scene (i.e., whether or not Defendant Warner spoke to Plaintiff McGuire at the scene or was alone with him).[1]

This Court has already ruled that Defendant Warner is entitled to absolute immunity from civil liability for his preliminary examination testimony. (8/3/09 Order at 5). The narrow issue that is currently before the Court is whether Defendant Warner's preliminary examination testimony can be used for the limited purpose of impeachment.

---

[1] In their reply brief, Plaintiffs also assert – for the first time – that they should be permitted to use another portion of the preliminary examination testimony for purposes other than impeachment. Specifically, Plaintiffs seek to introduce a portion of the preliminary examination transcript containing statements made by the prosecutor and the Court. Plaintiffs contend this portion of the transcript is "critical to the issue of causation." (Pls.' Reply at 6). The Court shall DENY this request. Plaintiffs raised this issue for the first time in their reply brief, thereby precluding Defendants from responding to the issue. In addition, Plaintiffs have provided no authority to support the requested use of this portion of the transcript.

Neither party has provided the Court with case law that support their respective positions as to this issue. As Plaintiffs correctly note, *Moldowan v. City of Warren*, __ F.3d __, 2009 WL 2176640 * 27 (6th Cir. 2009) did not address the issue of whether protected testimony can be used for the limited purpose of impeachment. Rather, *Moldowan* and other Sixth Circuit cases that the Court has reviewed simply address the issue of whether *liability* can be imposed for the testimony at issue, not whether such testimony can be used for the limited purpose of *impeachment.*

Although it is unpublished, the Court has located a decision that it finds persuasive, *Mathison v. Hillhaven Corp.*, 895 F.2d 1417, 1990 WL 11865 (9th Cir. 1990). In *Mathison*, testimony in an unemployment compensation proceeding was entitled to absolute immunity under statute. *Id*. at *5. During the course of a civil defamation trial, the trial court allowed the transcript to be used for the limited purpose of impeachment. The Ninth Circuit concluded that ruling was within the trial court's discretion, explaining:

> Every recorded case construing this statute has involved the issue of whether such evidence was admissible to establish a person's liability for defamation. There are no cases regarding the use of such testimony for impeachment. In other contexts, courts have held that otherwise privileged testimony is admissible for impeachment. *See Harris v. New York*, 401 U.S. 222 (1971) (statements to police may be used to impeach defendant even though obtained in violation of *Miranda*); *United States v. Neal*, 743 F.2d 1441 (10th Cir. 1984), *cert. denied*, 470 U.S. 1086 (1985) (Otherwise inadmissible testimony involving the marital communications privilege can be used to impeach a defendant who testified on his own behalf.). The district court prohibited the jury from considering the evidence with regard to [Plaintiff's] defamation claim. The court was within the bounds of its discretion in refusing to extend the privilege so as to preclude the use of the testimony for purposes of impeachment.

*Id.*

Here, Defendant Warner is entitled to absolute immunity from civil liability for the

statements that he made during his preliminary examination testimony. The testimonial privilege, however, does not extend to Defendant Warner's pre-testimonial conduct, such as his actions at the scene or his statements made to officers at the scene. (8/3/09 Order). That is, liability can be imposed for Defendant Warner's identification of Plaintiffs at the scene of the underlying assault and his alleged threats to Plaintiffs at the scene. Plaintiffs seek to use the preliminary examination transcript for the limited purpose of impeaching Defendant Warner's trial testimony. Specifically, they seek to impeach his trial testimony with respect to events that occurred at the scene of the assault.

Notably, the Court believes that Defendant Warner's preliminary examination transcript can be used for impeachment at trial in such a manner that the jury will not know that the transcript is from a preliminary examination in the criminal matter, as opposed to a deposition in this case. Moreover, out of an abundance of caution, the Court will instruct the jury that they are to consider the evidence only with respect to credibility and are prohibited from considering the evidence with regard to liability.

Thus, Defendant Warner will not be held liable for having testified against Plaintiffs at a preliminary examination hearing. If the jury finds him liable, it will be based upon his alleged actions at the scene.

Accordingly, the Court concludes that the transcript of Defendant Warner's preliminary examination testimony can be used for the limited purpose of impeaching his trial testimony as to: 1) the number and description of assailants involved in the assault; and 2) the circumstances surrounding the opportunity for Defendant Warner to have threatened Plaintiff McGuire at the scene (i.e., whether or not Defendant Warner spoke to Plaintiff McGuire at the scene or was

alone with him).

    **IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: August 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2009, by electronic and/or ordinary mail.

                                  S/Jennifer Hernandez
                                  Case Manager