UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

      Plaintiffs,

v.                                                                                          Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,                    Honorable Sean F. Cox
*et al.*,

      Defendants.
_____/

## ORDER DENYING
## DEFENDANTS' MOTION FOR RECONSIDERATION

      This matter is currently before the Court on Defendants' "Motion for Reconsideration of Defendants' Renewed Motion to Disqualify Judge" (Docket Entry No. 225). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion be decided without oral argument. For the reasons below, the Court shall DENY the motion and the evidentiary hearing shall proceed as scheduled on November 12, 2009.

      The history of this case, and factual background surrounding the evidentiary hearing set for November 12, 2009, have been set forth in numerous opinions and orders and will not be restated here. On November 12, 2009, this Court is holding an evidentiary hearing to determine the material terms of any settlement agreement reached by the parties on August 19, 2009, and whether those material terms have been breached. Defendants have filed two prior motions requesting that this Court disqualify itself under 28 U.S.C. § 455(b), based upon this Court's

1

purported "personal knowledge" of disputed facts. This Court denied those motions in written Opinion & Orders.

Defendants filed the instant motion for reconsideration asserting that this Court's prior orders did not consider Defendants' arguments with respect to 28 U.S.C. § 455(b)(5)(iv) that this Court "is likely to be a material witness in the proceeding." Defendants contend that this Court has personal knowledge regarding this case by virtue of having conducted settlement conferences in this action. Defendants assert that this Court is a "material witness to the exchanges between counsel" on August 19, 2009. (Docket Entry No. 225 at 3).

Defendants have not cited a single case that has addressed circumstances similar to those presented here and the Court continues to find Defendants' position without merit.

"Knowledge of disputed facts requires disqualification only if the knowledge has an extrajudicial source." *United States v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985). "Were it otherwise, no judge could rule on post-trial motions claiming error in the conduct of the trial." *Id.* As the Sixth Circuit has noted, the Supreme Court has determined that the extrajudicial source doctrine applies to motions for recusal under § 455(a) and § 455(b). *In Re Adams*, 31 F.3d 389, 396 (6th Cir. 1994).

This Court continues to believe that disqualification under § 455(b) is not necessary because Defendants do not claim that this Court has any personal, extrajudicial knowledge regarding this case. Rather, Defendants seek recusal merely because this Court conducted settlement conferences with the parties during the course of this litigation.

Moreover, this Court concludes that it is not a material witness necessary, for purposes of the November 12, 2009 evidentiary hearing, in any event. It is well established that a "judge is

2

not a material witness where there are other available witnesses who can give the same testimony." 46 AM. JUR.2D JUDGES § 101; *see also Brown v. Bahl,* 111 Pa.Super. 598 (1934) (where other witnesses were available to testify as to the facts that the trial judge observed, there is no ethical or legal reason to disqualify the judge simply because of that knowledge); *Wingate v. Mach.*, 117 Fla. 104 (1934) (same); *Bresnahan v. Luby,* 160 Colo. 455, 458 (1966) (where evidence concerning the matter at issue may be obtained from witnesses other than the trial judge, the trial judge is not a material witness so as to require disqualification.); *Callahan v. State*, 557 So.2d 1292, 1307-08 (1989) (Finding various jurisdictions "correct in holding that the trial judge is not a material witness where there are other witnesses who are able to testify concerning the same matter."); *Robison v. State* 818 P.2d 1250, 1252 (1991)( trial judge was not required to disqualify himself from a postconviction hearing where his testimony would have been either cumulative or immaterial).

Here, Defendants seek recusal merely because this Court conducted settlement conferences with the parties during the course of this litigation. Defendants assert that this Court is a "material witness to the *exchanges between counsel*" on August 19, 2009.  (Docket Entry No. 225 at 3) (emphasis added).  That is, Defendants wish the Court to testify as to conversations the Court may have observed between Plaintiffs' Counsel and Defendants' Counsel on August 19, 2009.  The parties have listed Plaintiffs' Counsel (Mr. Robinson and Ms. Miller) and Defense Counsel (Mr. Seward) as witnesses who will be called to testify regarding their settlement negotiations on August 19, 2009.  It would be cumulative for this Court to also testify as to its observations of those same conversations between counsel.  Because there are other witnesses available to testify as to the settlement negotiations between counsel on August 19,

2009, this Court concludes that it would not be a material witness such as to require disqualification.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED.  IT IS FURTHER ORDERED** that the Evidentiary Hearing set for November 12, 2009, shall proceed as scheduled.

    **IT IS SO ORDERED.**

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated:  November 9, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2009, by electronic and/or ordinary mail.

                                            S/Jennifer Hernandez
                                            Case Manager