UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy McGuire and James Lee
Joseph Ryan,

      Plaintiffs,

v.                                                                          Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner,                 Honorable Sean F. Cox
*et al.,*

      Defendants.
_____/

**ORDER
DENYING DEFENDANTS' MOTION TO STAY**

      This matter is currently before the Court on Defendants' Motion to Stay.  The Court finds

that the issues have been adequately presented in the parties' briefs and that oral argument would

not significantly aid the decisional process.  *See* Local Rule 7.1(e)(2), U.S. District Court,

Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon

the briefs.  For the reasons that follow, the motion shall be DENIED.

      Plaintiffs filed this action on June 8, 2005.   Defendants Warner and Gale were the only

remaining Defendants in this action at the time of trial, which commenced on August 5, 2009.

      On August 19, 2009, the parties advised the Court that they had settled the case.  The

morning of August 19, 2009, the parties executed a written agreement.  The parties also

confirmed, on the record on August 19, 2009, that they had reached a settlement agreement

resolving the action.  An Order of Dismissal, approved by both parties as to form and substance,

was issued on August 19, 2009.  The jury was then released.

On September 2, 2009, Defendants filed a motion seeking relief under FED. R. CIV. P. 60(b) and on September 4, 2009, Defendants filed a "Motion to Disqualify Judge From Deciding Defendants' Motion For Relief Under FED. R. CIV. P. 60(B)." This Court denied both motions in a written Opinion & Order dated September 17, 2009.

Plaintiffs then filed a "Motion to Reinstate the Case for the Limited Purpose of Enforcement of Settlement Agreement," wherein Plaintiffs state that they have not been paid the settlement proceeds.

In an **Opinion & Order issued on October 19, 2009**, this Court ruled that it has subject matter jurisdiction to enforce the settlement agreement in this case. The Court granted Plaintiffs' Motion to Reinstate Case to the extent that it shall reopen this case for purposes of enforcing the settlement agreement. In doing so this Court explained that because there are factual disputes, the Could will hold an **evidentiary hearing on November 12, 2009, at 9:00 a.m.** in order to determine the material terms of any settlement agreement reached, and whether those material terms have been breached.

**On October 24, 2009**, Defendants filed their "Renewed Motion to Disqualify Judge." (Docket Entry No. 213). That motion was denied in an Opinion & Order issued on October 28, 2009. (Docket Entry No. 219). In that Opinion & **Order**, this Court also expressly ordered that the **"Evidentiary Hearing shall proceed as scheduled on November 12, 2009."**

On November 5, 2009, Defendants filed a Motion for Reconsideration of Defendants' Renewed Motion to Disqualify Judge. (Docket Entry No. 225). This Court denied that motion in an Opinion & Order issued on November 9, 2009. (Docket Entry No. 226). In that Order, this Court again expressly ordered that the "**Evidentiary Hearing set for November 12, 2009, shall**

proceed as scheduled."

On November 10, 2009, Defendants filed a "Petition for Writ of Mandamus" in the Sixth Circuit Court of Appeals. (Case No. 09-2447). Notably, Defendants did not request an "immediate," "expedited" or "emergency" ruling on their Petition for Writ of Mandamus, nor did the body of the Petition ask for expedited review of the petition. Upon receiving a courtesy copy of the Petition, this Court's staff contacted the Case Manager assigned to the matter, Mr. Ford, on November 10, 2009. Mr. Ford was apprised that the hearing at issue in the Petition was scheduled to take place on November 12, 2009, and Mr. Ford indicated that he would bring that fact to the attention of the judges handling the petition.

**Today is the date for the evidentiary hearing** in this matter that has been scheduled since October 19, 2009. **Forty-five minutes prior to the hearing**, the Court discovered that Defendants had filed a Motion for Stay in this Court the previous night, November 11, 2009.[1] Defense Counsel did not provide a courtesy copy of the motion or otherwise notify the Court that the motion had been filed.

For the reasons below, the Court concludes that **the motion to stay is not timely, is without merit, and was filed as a delay tactic.**

Numerous decisions in the Sixth Circuit, and other circuits, reflect that the filing of a petition for a writ of mandamus does *not* operate as an automatic stay of proceedings in the district court. For this reason, petitioners who desire a stay of proceedings in the district court while the petition for writ of mandamus is under review file a motion for stay of proceedings

---

[1]Although November 11, 2009, is a holiday, the Court's filing system was still operational. In addition, this Court's chambers was open from approximately 8:00 a.m. to 6:30 p.m. on November 11, 2009.

along with the petition for writ of mandamus.  *See e.g.*, *In re United States*, 572 F.3d 301, 307

(7th Cir. 2009) (Five days prior to scheduled trial date, Petitioner filed a petition for a writ of

mandamus seeking the recusal of the presiding district court judge, along with a motion to stay

district court proceedings pending resolution of the petition, and also filed a motion for stay with

the district court.); *Aday v. United States District Court for the Western District of Michigan*,

318 F.2d 588 (6th Cir. 1963) (Along with petition for writ of mandamus, Petitioners also filed

"an application for stay of further proceedings in the  District Court for the Western District of

Michigan pending determination of the petition for writ of mandamus."); *In re Perrigo Co.*, 128

F.3d 430, 434 (6th Cir. 1997) (Petitioner filed petition for writ of mandamus, along with an

"emergency motion for stay" of district court proceedings and the Sixth Circuit "granted the stay

pending the disposition of the merits of the petition for mandamus relief."); *In re United States*

*Department of Homeland Security*, 459 F.3d 565, 568 (5th Cir. 2006) ("[P]etitioner filed an

emergency petition for writ of mandamus and emergency motion to stay the district court's order

pending disposition of the petition," and the Fifth Circuit granted the stay.); *EEOC v. K-Mart*

*Corp.*, 694 F.2d 1055, 1059 (6th Cir. 1982) (Sixth Circuit issued order staying the district court's

order pending the three-judge panel's disposition of petition for writ of mandamus); *In re*

*Chrysler Realty Corp.*, 1990 WL 125365 (6th Cir. 1990) (Petitioner filed petition for writ of

mandamus, along with a motion to stay proceedings pending disposition of petition); *United*

*States v. Crabtree*, 1990 WL 10681 (6th Cir. 1990) (Petitioner filed petition for writ of

mandamus, along with "an emergency motion to stay the criminal trial scheduled to begin on

Monday, February 12, 1990.").

      Here, when Defendants filed their petition for writ of mandamus they did not even

request an expedited ruling from the Sixth Circuit – despite the timing involved.  More importantly, Defendants could have filed an emergency motion for stay along with the petition for writ of mandamus, but chose not to do so.

There is also no reason why Defendants could not have filed a Motion to Stay in this Court at the same time as filing the petition for writ of mandamus.

Accordingly, the Court concludes that the motion is not untimely and that it was filed as a delay tactic.

The Court also finds the motion without merit.  In determining whether to grant a stay after the filing of a petition of mandamus, district courts consider: 1) the likelihood that the moving party will prevail on the merits of the petition; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the Court grants the stay; and 4) the public interest in granting the stay. *Sloan v. Borgwarner, Inc*., 2009 WL 2524750 (E.D. Mich. 2009).

After consideration of those factors, this Court concludes that a stay is not warranted here.  For the reasons set forth in this Court's opinions and orders denying Defendants' motions to disqualify, the Court believes that it is unlikely that Defendants will prevail on the merits of their petition.  The Court is also not persuaded that Defendants will be irreparably harmed absent a stay.  In their motion, Defendants assert that if the petition is granted, "the parties run the risk of having to conduct the evidentiary hearing twice."  Simply stated, that is not irreparable harm. The Court further concludes that the remaining factors also weigh in favor of denying the motion.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Stay is **DENIED.  IT IS**

5

**FURTHER ORDERED** that the Evidentiary Hearing in this matter will proceed as scheduled.

   **IT IS SO ORDERED.**

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  November 12, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on
November 12, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager

6