UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Daniel McGuire, *et al.*,

    Plaintiffs,

v().                                                                                    Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner, *et al.*,          Honorable Sean F. Cox

    Defendants.

_____/

## ORDER QUASHING SUBPOENA – TIMOTHY MCGUIRE

This Court's October 19, 2009 Opinion & Order, wherein the Court granted Defendants' request for an evidentiary hearing, ordered each of the parties to file a witness list no later than October 30, 2009, identifying each witness that the party intends to call at the evidentiary hearing. The Court further ordered that no later than October 30, 2009, each party must file a brief wherein "they must specifically set forth their position as to: 1) which material term(s) has been breached; 2) how and when that material terms was breached; 3) **who** breached that material term; and 4) the evidence establishing the alleged breach." (Docket Entry No. 212 at 11) (emphasis added).

Defendants filed their witness list on October 27, 2009 (Docket Entry No. 214). Notably, Defendants **did not list Timothy McGuire** as a witness they intended to call at the hearing. At that time, Plaintiffs had not yet filed a witness list. Defendants did not file an amended witness list after receiving Plaintiffs' witness list, nor at any time prior to the evidentiary hearing.

Defendants' Pre-Evidentiary Hearing Brief stated the following with respect to Defendants' position as to who breached the agreement:

> 3. WHO BREACHED THE MATERIAL TERM
>
> Plaintiff Ryan and Plaintiffs' attorney, David Robinson breached the material terms of the agreement, in the presence and with the acquiescence of Plaintiff McGuire and Plaintiffs' Attorney Racine Miller.

(Docket Entry No. 222 at 10).

Although Defendants had not named Mr. McGuire as a witness, at the close of the evidentiary hearing on November 12, 2009, and again when the hearing resumed on November 13, 2009, the parties raised an issue with respect to Defendants having served a subpoena requiring Mr. McGuire's attendance.

Defense Counsel indicated to the Court that he mailed a subpoena to Plaintiffs' Counsel on Tuesday, November 10, 2009, requiring Mr. McGuire's appearance in this Court on Thursday, November 12, 2009 at 9:00 a.m.  Defense Counsel acknowledged that he was aware that Wednesday, November 11, 2009, was a holiday with no mail delivery.  There is also no dispute that Mr. McGuire lives in Calgary, Canada.

Further, Plaintiffs' Counsel indicated that his office actually received the subpoena at approximately **2:35 p.m.** on November 12, 2009, purportedly requiring Mr. McGuire's appearance in this Court on November 12, 2009, at **9:00 a.m.**  Thus, the subpoena was served in a manner such that it was received in Plaintiffs' Counsel's office **after** the stated time for Mr. McGuire's appearance.  Moreover, the subpoena was received in Plaintiffs' Counsel's office while Plaintiffs' Counsel was actually present in Court, proceeding with the evidentiary hearing.

As stated on the record on this date, the Court GRANTS Plaintiffs' oral motion to quash the subpoena under FED. R. CIV. P. 45(c).  Rule 45(c) provides that on timely motion the Court shall quash a subpoena that "fails to allow a reasonable time to comply" or "subjects a person to undue burden."  FED. R. CIV. P. 45(c)(3)(i) & (iii).

Assuming *arguendo* that Defendants properly served a subpoena, the Court concludes that under these circumstances, that subpoena failed to allow a reasonable time for Mr. McGuire, who lives in Calgary, Canada, to comply.  This is especially so given that Defendants did not list Mr. McGuire as a witness and did not identify him as a person who is even alleged to have breached the agreement.

      IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  November 13, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 13, 2009, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager