UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Daniel McGuire, *et al.*,

    Plaintiffs,

v.                                                               Case No. 05-40185

Royal Oak Police Sgt. Douglas Warner, *et al.*,        Honorable Sean F. Cox

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' "RULE 50 MOTION"**

During the evidentiary hearing on November 12, 2009, Defendants made an oral "Rule 50 motion" after Plaintiffs had presented their evidence. Defense Counsel asserted that the motion could be made under FED. R. CIV. P. 50. Defense Counsel could not provide the Court with any authority to indicate that such a motion can be made under Rule 50 in these circumstances (i.e., during an evidentiary hearing before the Court).

The Court expressed doubt as to whether a Rule 50 motion could be made under these circumstances.[1] Nevertheless, the Court took Defendants' "Rule 50 motion" under advisement, indicating that if such a motion proves to be cognizable the Court would make a ruling on the motion based upon the evidence that had been presented by Plaintiffs.

Defendants then proceeded with the evidentiary hearing, assuming that the Court would deny the Rule 50 Motion.

Now, having had time to fully consider and research Defendants' "Rule 50 Motion," the

---

[1] *See* Rough Copy of 11/12/09 Hrg. Tr. at 52, 59 & 60, which will be attached to the Court's Opinion & Order following the evidentiary hearing, dated November 25, 2009.

Court concludes that such a motion is not cognizable under Rule 50. FED. R. CIV. P. 50 provides, in pertinent part:

> (a) Judgment as a Matter of Law.
> (1) In General. If a party has been fully heard on an issue **during a jury trial** and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is **submitted to the jury**. . .

FED. R. CIV. P. 50(a) (emphasis added).

Rule 50(a), by its express terms, applies only in jury trials. FED. R. CIV. P. 50(a); *see also Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004); *Granite State Ins. Co. v. Smart Modular Tech., Inc.*, 76 F.3d 1023, 1030 (9th Cir. 1996). Defendants' motion was made during the course of an evidentiary hearing before the Court – not during the course of a jury trial. Thus, Rule 50 simply does not apply here.

Under the circumstances presented, the Court concludes that Defendants could have filed a motion for judgment on partial findings under FED. R. CIV. P. 52(c). *See, e.g., Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994); *Schlitt v. State of Fla.*, 749 F.2d 1482, 1482-83 (7th Cir. 1985); *Falanga v. State Bar of Ga.*, 150 F.3d 1333, 1338 (11th Cir. 1998). Rule 52(c) provides:

> (c) Judgment on Partial Findings. If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court **may** enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. **The court may, however, decline to render any judgment until the close of the evidence.** A judgment on partial findings must be supported by

findings of fact and conclusions of law as required by Rule 52(a).

FED. R. CIV. P. 52(cc) (emphasis added).

The express terms of Rule 52(c), and the case law applying it, reflect that the Court has the discretion to decline to render its ruling until the close of all evidence. FED. R. CIV. P. 52(c); *see also International Union of Operating Engineers v. Indiana Const. Corp.*, 13 F.3d 253, 257 (7th Cir. 1994) (It is within the trial court's sound discretion to decline rendering judgment until hearing all of the evidence); *Payne ex el. Estate of Payne v. Equicredit Cor. of America*, 71 Fed. Appx. 131, 133 (3rd Cir. 2003); *Celevenger v. Dillard's Dept. Stores, Inc.*, 2007 WL 4248207 (S.D. Ohio 2007).

The only motion actually brought by Defendants was a motion under Rule 50. For the reasons above, the Court concludes that Rule 50 does not apply here. Accordingly, IT IS ORDERED that Defendants' Rule 50 motion is DENIED.

IT IS FURTHER ORDERED that, to the extent that Defendants' motion could be broadly construed as a motion for judgment on partial findings under FED. R. CIV. P. 52(c), the Court also DENIES that motion because the Court concludes that the better course is for the Court to decline to render a ruling until the close of all evidence.

IT IS SO ORDERED.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: November 25, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 25, 2009, by electronic and/or ordinary mail.

    S/Jennifer Hernandez
    Case Manager